IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DEMETRAS LEVINS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. No. 4:20-cv-1053 |
| § | |
| **SPRINT SAND & CLAY, LLC,** § | |
| § | |
| Defendant. § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States District Judge:

COMES NOW Demetras Levins ("Levins" or "Plaintiff"), and files her Original Complaint, complaining of Sprint Sand & Clay, LLC ("Sprint" or "Defendant") for violations of 42 U.S.C. § 1981 ("Section 1981"). Levins demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and actual damages; and costs and attorneys' fees for the adverse actions suffered by Levins due to Defendant taking such adverse employment actions against her in violation of Section 1981.

## PARTIES

1. The plaintiff, Demetras Levins, is an African American individual who is an adult resident of Dickinson, Galveston County, Texas.

2. The defendant, Sprint Sand & Clay, LLC, is company that conducts business in Houston, Harris County, Texas. Defendant may be served by serving its registered agent, Joseph Swinbank, at 1041 Conrad Sauer, Houston, Texas 77043.

3. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

1

4.      At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII.  Defendant is an employer qualified to do business in Texas and employs more than 100 regular employees.

## JURISDICTION & VENUE

5.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1981.

6.      Venue of this action is proper in this Court because a substantial part of the unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas.  Venue is invoked pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7.      Levins is an African American individual who was classified as an independent contract truck driver during her employment relationship with Defendant.  Levins' relationship with Defendant began on or about August 8, 2017.  During her employment relationship with Defendant, Levins was tasked with delivering loads of soils such as sand, clay and other construction materials.  Levins directly reported to Gabe Castaneda ("Castaneda"), Truck Coordinator.

8.      In February 2018, Levins was informed by her fellow colleagues that Jason Wheeler ("Wheeler"), Pit Supervisor, was referring to Levins as a racial epithet.  Specifically, Wheeler would call Levins a "n*****" each time she would come to the ticket window.  After being informed of the racial epithets that were being used to identify Levins, she immediately

raised these issues to Casteneda.  However, Casteneda took no action to investigate the conduct of his fellow management official or attempt to deter Wheeler's racially motivated conduct.

9. In April 2018 following Levins' complaints to Casteneda concerning Wheeler's racial inflammatory comments, Wheeler barred Levins from using the restroom in the building at the worksite.  Instead, Wheeler only allowed Levins to use the outside portable toilets.  No other non-African American women were required to use outside portable toilets when they needed to use the restroom.  Wheeler's conduct was in direct retaliation to Levins' complaints because Wheeler was incensed around the office making comments about Levins' complaints prior to restricting her restroom use.

10. On or about April 17, 2018, Levins complained again to Casteneda about Wheeler's disparate policy regarding Levins' prohibited use of the restrooms inside the building office only allowing her to use the outside portable toilets.  Instead of addressing Levins' complaints, Casteneda again dismissed her complaints without taking any action.  Later that day following Levins' complaints, Casteneda sent Levins home without compensation.

11. After Casteneda's failure to address Levins complaints of discrimination and his subsequent retaliation, Levins escalated her complaints to Defendant's Human Resources office on or about April 25, 2018.  Levins spoke with Julianna, Human Resources Manager, advising her of the previous complaints of discrimination to Casteneda and the retaliation Levins suffered as a result of her complaints.  The next day after her complaint to Human Resources, Levins was terminated from Defendant.

## CAUSES OF ACTION

12.     <u>Section 1981 Race Discrimination</u> – Based on the above facts, Defendant violated U.S.C. § 1981 when is subjected Plaintiff to disparate treatment because of her race, African American.

13.     <u>Section 1981 Race Retaliation</u> – Based on the above facts, Defendant violated U.S.C. § 1981 when it retaliated against Plaintiff for engaging in a protected activity when he made complaints of disparate treatment.

## DAMAGES

14.     As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

   a.     Loss of wages and benefits, including front pay and back pay,

   b.     Humiliation and embarrassment among coworkers and others,

   c.     Mental anguish and emotional distress,

   d.     Sustained damage to Plaintiff's credibility, and

   e.     Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEYS FEES

15.     Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 4141 Southwest Freeway, Suite 390, Houston, Texas 77027 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

**PRAYER**

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

a. Declare Defendant's conduct in violation of Plaintiff's rights;

b. Enjoin the Defendant from engaging in such conduct;

c. Award Plaintiff actual damages;

d. Order Defendant to pay Plaintiff back pay and front pay and benefits;

e. Award Plaintiff compensatory damages for mental anguish;

f. Award Plaintiff punitive damages to be determined by the trier of fact;

g. Award Plaintiff liquidated damages.

Respectfully submitted,

/s/ Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 390
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* Attorney in charge for Demetras Levins