UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMETRA LEVINS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | C.A. No. 4:20-cv-1053 |
| | § | |
| SPRINT SAND & CLAY, LLC, | § | |
| | § | |
| DEFENDANT, | § | JURY TRIAL DEMANDED |

DEFENDANT'S INTERROGATORIES TO DEMETRA LEVINS

To: Demetra Levins, by and through her attorney of record, Chukwudi Egbuonu, Law Office of Chukwudi Egbuonu, 4141 Southwest Freeway, Suite #390, Houston, Texas, 77027, chuck@celawoffice.com

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Sprint Sand & Clay, LLC, hereby propounds the following Interrogatories upon you. Verified responses to these Interrogatories should be provided within thirty one (31) days after the service of a copy hereof upon you. You are further notified that these Interrogatories are continuing by nature, requiring supplemental answers as required by said Rule.

In answering these Interrogatories, the Plaintiff must furnish all requested information not subject to a valid objection that is known by, possessed by or available to her or any of her attorneys, consultants, representatives, or other agents.

If the Plaintiff is unable to answer fully any of these Interrogatories, she should answer them to the fullest extent possible, specifying the reason(s) for the inability to answer the remainder, and stating whatever information, knowledge or belief she has concerning the

unanswerable portion.  An evasion or incomplete answer is deemed to be a failure to answer and may render the Plaintiff, her attorney, or both, liable for the expenses of a Motion for Sanctions, pursuant to T.R.C.P. 215.1(b).

The Plaintiff must object separately to each sub-part if objecting to less than all of the sub-parts of a numbered Interrogatory, then Plaintiff must answer the remaining sub-parts.  In addition, if the Plaintiff objects to an Interrogatory, or sub-part thereof as calling for information which is beyond the scope of discovery, (e.g., "not reasonably calculated to lead to the discovery of admissible evidence", "work product", "unduly burdensome", etc.), Plaintiff must, nevertheless, answer the Interrogatory or sub-part thereof to the extent that it is not objectionable.

Respectfully submitted,

BINGHAM MANN HOUSE

By: /s/ Jennifer L. House
Jennifer L. House
SBN:  16519200
Federal ID No:  57338
4500 Yoakum Boulevard
Houston, Texas, 77006
Tele:  713-357-9860
Fax:  713-559-3014
Email:  jhouse@bmh-law.com
*ATTORNEY FOR DEFENDANT,*
*SPRINT SAND & CLAY, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, a true and correct copy of the foregoing instrument has been served on all counsel of record electronically via CM/ECF for the United States District Court for the Southern District of Texas, Houston Division, in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules

<u>VIA CM/ECF:</u>
Chukwudi Egbuonu
Law Office of Chukwudi Egbuonu
4141 Southwest Freeway, Suite #390
Houston, Texas, 77027
[chuck@celawoffice.com](mailto:chuck@celawoffice.com)
*ATTORNEY FOR PLAINTIFF,*
*DEMETRAS LEVINS*

                                            */s/*Jennifer L. House
                                            JENNIFER L. HOUSE

# SPRINT SAND & CLAY'S INTERROGATORIES TO DEMETRA LEVINS

**1.** Please state your full legal name, date of birth and social security number.  (It is not a lawful objection to this Interrogatory that the information requested involves one or more personal identifiers).

Response:

2. Please identify the name and address of your employers and/or contractors, and inclusive dates of employment, since your termination from Sprint Sand & Clay, LLC.

Response:

3. If you contend that the events made the basis of this suit caused you to seek medical attention and/or mental health assistance, please provide the name and address of any person or entity who or which provided such services to you.

Response:

4. Please identify by name and address, any individual or group healthcare provider which has provided health insurance benefits to you as a result of any claimed illness or mental health issue which you claim to have experienced as a result of the alleged events made the basis of this suit.

Response:

5. Please briefly describe each and every incident of claimed racial harassment, discrimination and or disparate impact which you claim to have experienced during the period of your contractual relationship with Sprint Sand & Clay, LLC.

Response:

6. Please briefly summarize each element of claimed financial loss which you contend you have incurred as a result of the alleged events made the basis of this suit.

Response:

7. If you contend that you were unable to undertake your normal work for Sprint Sand & Clay, LLC on Saturdays, please provide the factual basis for such a contention.

Response:

4

8. Please identify the names and addresses for any witness whom you believe observed any of the alleged incidents of employment discrimination and/or disparate impact which you contend occurred during your contractual work with Sprint Sand & Clay, LLC.

Response:

9. Please briefly describe your interactions with Taylor Roth during the period of your contractual relationship with Sprint Sand & Clay, LLC, including but not limited to any statements to you or about you by Ms. Roth, were made in your presence.

Response:

10. Please briefly describe your interactions with Jason Wheeler during the period of your contractual relationship with Sprint Sand & Clay, LLC, including but not limited to any statement to you or about you by Mr. Wheeler, which were made in your presence.

Response:

11. Please describe your compensation rate for any employment and/or contractual work which you have undertaken since the termination of your contract with Sprint Sand & Clay, LLC.

Response:

12. Please briefly describe any violations of Sprint Sand & Clay policies and procedures which were committed by you during the period of your contractual relationship with Sprint Sand & Clay, LLC.

Response:

13. Please identify any other lawsuits in which you have participated as a named party.

Response:

14. Please identify the name and address of any other employer or contractor which has been the subject of a claim of racial harassment, discrimination and or disparate impact by you.

Response:

15. Please identify by type and amount, any additional expense which you contend you have incurred as a result of the alleged events made the basis of this suit, excluding any amount for medical treatment or lost wages.

Response:

16. Please detail any communications which you exchanged with any person whom you believe is or was an employee of Sprint Sand & Clay, LLC which you contend was racially harassing, discriminatory or resulted in a racially disparate impact upon you.

Response:


17. If you contend that you were a witness to alleged racial harassment, discrimination and/or racially disparate impact committed by a Sprint Sand & Clay, LLC employee towards any other individual, please briefly detail any such allegations.

Response:


18. Please describe any communication which you have exchanged, whether oral or written, including email, text message, verbal communication or any other exchange of information which you have had with any person whom you believe to be a representative or employee of Sprint Sand & Clay, LLC since the termination of your contractual relationship. This includes but is not limited to Jenny Porterfield.

Response:

19. If you contend that the alleged events made the basis of this suit have resulted in a significant alteration in your life plan and/or educational or employment goals, please briefly detail the factual basis for this contention.

Response:

20. Please identify any felony or misdemeanor involving moral turpitude with which you have been charged or for which you were convicted at any time after December 1, 2010, and the county wherein each such charge of conviction was brought.

Response:

21. If you contend that Gabe Castaneda acted or failed to act in a racially disparate manner towards you, please briefly describe any such activity or failure to act.

 Response:

22. Please detail your educational history (including any vocational or other occupational training programs) commencing with your graduation from high school to the present.

Response:

23. Please briefly detail any attorney's fees or expenses of litigation which you have incurred as a result of your prosecution of this lawsuit.

Response:

24. Please briefly detail the method and amount of compensation which you received as a result of your employment or contractual work for the employer where you were last working prior to your commencement of contract work with Sprint Sand & Clay, LLC.

Response:

25. Please identify by name and address the entity or individual which or who owns or owned the tractor or truck which you were driving while under contract with Sprint Sand &. Clay.

Response:

**VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Demetras Levins, who upon being duly sworn stated that she has read the attached Answers and Objections to Defendant's Interrogatories, and that the answers contained therein are within her personal knowledge, and are true and correct.

_____
By:  Demetras Levins

_____
Date

SWORN TO AND SUBSCRIBED BEFORE ME, by the said_____, on this the \_\_\_ day of December, 2020, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:_____